STATE v. BURBAGE.

1. APPEAL.—An order overruling a motion to quash an indictment is not appealable.

2. PLEADING—INDICTMENT—ACCESSORY.—One count in an indictment charging the defendant with murder, and another count charging him as accessory after the fact, are not misjoinders nor are they repugnant.

3. IBID.—IBID.—IBID.—TIME AND PLACE.—An indictment for accessory after the fact, which fails to give time and place, is fatally defective. Crim. Code, 524, *construed*.

4. CRIMINAL LAW—ACCESSORY.—The fact that a principal has been convicted only of manslaughter, does not preclude the State from prosecuting another as accessory to murder before the fact.

5. MANSLAUGHTER—ACCESSORY — PLEADING — INDICTMENT.—Under an indictment charging defendant of accessory to murder after the fact, he may be convicted of accessory to manslaughter after the fact.

Before WATTS, J., Greenville, July, 1897.    Modified.

Charles F. Burbage was indicted on the following indictment, omitting the formal part:

1. The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present, that William Peter T. Rowley, late of the county and State aforesaid, on the 25th day of June, in the year of our Lord 1896, with force and arms, at Greenville Court House, in the county and State aforesaid, in and upon  *  *  *   And the jurors aforesaid, upon their oath aforesaid, do further present, that Charles F. Burbage, late of the county and State aforesaid, on the 25th day of June, A. D. 1896, before the said murder was committed in form aforesaid, with force and arms, at Greenville Court House, the county and State aforesaid, did unlawfully, maliciously, and feloniously counsel, advise, incite, and command the said William Peter T. Rowley to do and commit the said felony and murder, in manner and form aforesaid, against the peace and dignity of the same State.

2. And the jurors aforesaid, upon their oaths aforesaid, do further present, that Charles F. Burbage, together with

one William Peter T. Rowley, late of the county of Green-ville, said State of South Carolina, on the 25th day of June, A. D. 1896, with force and arms, at Greenville Court House, in the county of Greenville and State aforesaid, on and upon * * *

3. And the jurors aforesaid, upon their oaths aforesaid, do further present, that one William Peter T. Rowley, on the 25th day of June, A. D. 1896, with force and arms, at Greenville Court House, in the county of Greenville and State aforesaid, in and upon * * * And the jurors afore-said, upon their oaths aforesaid, do further present, that Charles F. Burbage, late of the county of Greenville and State aforesaid, after the commission of the said felony and murder, and knowing the said William Peter T. Rowley to have committed the said felony and murder in manner and form aforesaid, him, the said William Peter T. Rowley, did feloniously harbor, receive, maintain, and offer to escape with and aid him in escaping, against the form of the stat-ute in such case made and provided, and against the peace and dignity of the same State.

From order refusing to quash the indictment, defendant appeals.

*Messrs. Haynsworth & Parker*, for appellant, cite: *Failure to allege place fatal:* Crim. Code, 524; 17 S. C., 473; 24 S. C., 155; 31 S. C., 160; 33 S. C., 113. *Second and third counts inconsistent and repugnant:* 25 A. R., 410; 80 A. D., 95; 5 Port., 32; 3 Hill, 2; 1 Rich., 260; 2 McC., 257; 5 Strob., 12; 15 S. C., 434; 28 S. C., 576; 38 S. C., 356. *No accessory before fact to manslaughter:* 18 S. C., 177. *Accessory after fact not substantive crime, but depends on another felony, which must be shown:* 80 A. D., 95; 40 S. C., 349; 18 S. C., 175; 15 A. D., 232; 6 S. R., 459.

*Solicitor M. F. Ansel, contra*, filed no printed argument.

Feb. 15, 1898. The opinion of the Court was delivered by MR. CHIEF JUSTICE McIVER. In this case, the indict-

ment contained three counts. In the first count, one William Peter T. Rowley was charged with the murder of one Joel Augustus Tanner, and the appellant, Burbage, was charged as accessory before the fact to such murder. In the second count, Rowley and Burbage were jointly charged with the murder of Tanner. And in the third count, the appellant was charged as accessory after the fact to the murder of Tanner, alleged to have been committed by Rowley. It appears that at January term, 1897, Rowley alone was put upon his trial—the case as to Burbage having been continued by the solicitor—when Rowley was convicted of manslaughter and duly sentenced therefor. At the July term, 1897, when Burbage was put on his arraignment, he moved to quash the indictment, upon the several grounds which will be hereinafter stated. This motion was refused by his Honor, Judge Watts, and exceptions to his ruling were duly noted. The defendant then presented a plea of abatement, as it is called, which was likewise overruled; whereupon the defendant gave due notice of intention to appeal, basing the same upon the several exceptions set out in the record.

It seems to us that this appeal is premature, and for this reason the appeal must be dismissed, without prejudice to the right of appellant to raise any pertinent questions under an appeal from any final judgment which may be rendered upon the subsequent trial of this case. In the case of the *State* v. *McKettrick*, 13 S. C., 439, it was held that the sentence of the prisoner in the Court of General Sessions is the final judgment from which alone can an appeal be taken. In that case the prisoner had been convicted, but as no sentence had been passed, this Court declined to hear the appeal. The case now under consideration is a stronger case than that cited, for here there is not only no sentence, but no conviction. In the case of the *State* v. *Shirer*, 20 S. C., at pages 403–4, in speaking of an appeal from the refusal of a motion to quash an indictment, Mr. Justice McGowan, in delivering the opinion of the Court,

says: "In ordinary circumstances, and according to what is believed to be the more common practice, the decision of the presiding Judge is not open to review by a higher Court," citing 1 Bish. Crim. Pro., sec. 701. Especially is this so where, as in that case, as well as in this, the same points raised by the motion to quash the indictment may, after final judgment, be raised by a motion in arrest of judgment. These cases are not only authoritative, but also rest upon good reasons. It is a bad practice, and generally condemned, to hear appeals by piecemeal, especially in criminal cases; for it is destructive of the prompt administration of justice, which is so essential to the peace of society. Besides, it leads to an unnecessary consumption of the time of this Court, which could be much better employed than in considering or determining questions which may never become of any practical importance in a given case. If the defendant should be acquitted, then, of course, all the questions presented by the motion to quash the indictment, and the so-called plea in abatement, would lose all practical importance, and their consideration would become a work of supererogation. If, on the other hand, he should be convicted, we see no reason why all these questions could not be raised on appeal from the final judgment. But a still better reason may be given. To allow appeals to be heard from such preliminary rulings would enable a party charged with the most serious crime always to secure a continuance, when not otherwise entitled to it, by simply moving to quash the indictment, and when his motion is overruled, give notice of appeal from such ruling, and thereby stop the trial, as was the case in the present instance. Both reason and authority require us to hold that this appeal is premature, and must, therefore, be dismissed. Inasmuch, however, as the questions presented by the exceptions are important, and have been fully argued, it may not be amiss to consider them, as another appeal may thereby be rendered unnecessary.

The first ground upon which the motion to quash the

indictment is rested, is that the second and third counts of the indictment are 'repugnant to each other.

2    This ground cannot be sustained under the authorities hereinafter cited in considering the second ground of the motion.    The second ground is that there is an improper joinder of counts, inasmuch as in the second count the appellant is charged as principal, and in the third count he is charged as an accessory after the fact.    In the case of *The State* v. *Smith*, 18 S. C., 149, the cases in this State upon the subject were reviewed, and the true rule deducible therefrom is thus stated: "Where several distinct offenses are charged in different counts of an indictment, all growing out of the same act or acts, even though subject to different punishments, a general verdict of guilty furnishes no ground for a motion in arrest of judgment, and no ground for a new trial, provided the jury have been explicitly instructed that the effect of a general verdict will be to find the party accused guilty of the highest offense charged in the indictment, and that they have the right to designate in their verdict which one of the particular offenses charged they believe the accused to be guilty of."    This rule has been explicitly recognized and applied in the recent case of *The State* v. *Woodard*, 38 S. C., 353, and Mr. Justice Pope, in delivering the opinion of the Court, cites with approval the two cases of *The State* v. *Nelson*, 14 Rich., 172, and *The State* v. *Scott*, 15 S. C., 435, upon which the rule is largely based.    It is very obvious that the offenses charged in these two counts both grow out of the same act—the killing of Tanner.    That is the primal fact necessary to be established in order to sustain the charge in either of the two counts, and hence the rule above stated applies, and there is no misjoinder.

Nor is there any such repugnancy in these two counts as would be fatal to the indictment.    In one sense, a charge of burglary, in entering a dwelling house in the night with intent to steal, would be repugnant to a charge of larceny, and yet these two charges may be joined in an indictment

without affecting the validity of the indictment. Indeed, it has been held in this State, in the case of *The State* v. *Posey*, 7 Rich., 484, that counts for grand larceny and counts for receiving stolen goods, although one is a felony and the other a misdemeanor, may be joined in the same indictment. Surely, these two charges are, in one sense, quite as repugnant as a charge of murder and a charge of accessory after the fact. So, also, a count for murder and a count for manslaughter may be joined in the same indictment; and with the same reason as is here urged, these two counts might be claimed to be repugnant, as malice is necessary to one and is not to the other, and if malice appears, then the offense must be murder and cannot be manslaughter; but if, on the other hand, malice does not appear, then the offense cannot be murder, but must be manslaughter, if it is any offense at all. It is clear, therefore, that neither the first nor the second ground upon which the motion to quash the indictment was based can be sustained.

The third ground of the motion is more formidable, and, in fact, is, we think, fatal to the third count of the indictment, for it only applies to that count. The well settled rules of criminal pleading require that an indictment for any offense must contain an allegation of the time when, and the place where, such offense has been committed, though it is not necessary to prove that the offense was committed on the day specifically mentioned in the indictment, as it will be sufficient if the proof shows that the offense was committed on any day, within a reasonable time before the true bill is found. See *State* v. *Ray*, Rice Repts., 1. So, also, as to the place where the offense is alleged to have been committed, it is absolutely necessary to allege the place, in order to give the Court jurisdiction, though it is not necessary to prove the place as specifically alleged in the indictment, provided the proof shows that the offense was committed within the jurisdiction of the Court before which the case is tried. *State* v.

19—51

*Moore*, 24 S. C., 150, and *State* v. *Colclough*, 31 S. C., 156. It is true, that the third count in the indictment under consideration, in the first paragraph thereof, does allege a specific day and place, when and where, the murder of Tanner by Rowley, was committed; but in the second paragraph, where the appellant is charged as an accessory after the fact to such murder, neither the time nor the place when or where the appellant rendered the alleged aid, which constituted him an accessory after the fact, is stated, nor are there any such words as "then and there," which, possibly, might have been sufficient to carry forward into the second paragraph the allegation of time and place found in the first paragraph. On the contrary, the allegation in the second paragraph of the third count, where alone the appellant is charged as an accessory after the fact, simply is that the said Burbage, "after the commission of the said felony and murder, and knowing the said William Peter T. Rowley to have committed the said felony and murder, in manner and form aforesaid, him, the said William Peter T. Rowley, did feloniously harbor, receive, maintain and offer to escape with and aid him in escaping," &c., without any allegation either as to time or place, when or where the offense therein charged was committed. The solicitor, in his argument, relied upon sec. 522 of Revised Crim. Stat., which is taken from sec. 2611 of the Gen. Stat. of 1882, and also upon sec. 524 of Rev. Crim. Stat., taken from sec. 2613 of Gen. Stat. of 1882. The first of these sections provides that an accessory before the fact may be indicted, "either with the principal felon or after his conviction, or may be indicted and convicted of a substantive felony, whether the principal felon has or has not been convicted, or is or is not amenable to justice; and, in the last mentioned case, may be punished in the same manner as if convicted of being an accessory before the fact." Inasmuch as this section relates only to an accessory *before the fact*, it need not be further considered in this connection. The next section relied upon, 524, pro-

vides that an accessory after the fact "may be indicted, convicted, and punished (whether the principal felon has or has not been previously convicted, or is or is not amenable to justice,) by any court having jurisdiction to try the principal felon, and either in the county where such person became an accessory or in the county where the principal felony was committed;" and from this it is argued that it is immaterial where the party charged as an accessory after the fact became such accessory; and hence it is unnecessary to allege in the indictment the place where the party charged became an accessory after the fact. But this section was not designed to effect any change in the rules of criminal pleading, and does not purport to do so. Its sole purpose, as evidenced by the language used, was simply to prescribe *a place of trial* where the party charged might be "indicted, convicted, and punished." See *State* v. *Coleman*, 17 S. C., 473. But, again, it should be noticed that while the intervening section (523), taken from section 2612 of the Gen. Stat. of 1882, provides that an accessory *before the fact* "may be indicted, tried, and punished in the same court and county where the principal felon might be indicted and tried, although the offense of counseling, hiring or procuring the commission of such felony is committed *on the high seas or on land, either within or without the limits of this State,*" there is no such provision as that found in the words which we have italicized in the foregoing quotation from sec. 523 in regard to an accessory *after the fact.* Passing by the question, whether the legislature would have the power to invest a court of this State with jurisdiction to try a person for an offense committed beyond the limits of this State, which we are not now called upon to consider, and without stopping to inquire why this distinction was made between the case of an accessory *before the fact* and the case of an accessory *after the fact*—possibly because of some such idea as is illustrated by the case of the *State* v. *Morrow*, 40 S. C., 221, that though the "counseling, hiring or procuring" the felony to be committed *orig-*

*inally* took place outside the limits of this State, yet the same followed the principal felon into the State, and continued with him as an operative force up to the time the felony was committed in this State—it is sufficient to say, that the legislature has never undertaken to exercise any such power in regard to an accessory *after the fact*, and, therefore, we need not consider why the distinction was made, nor what was the idea upon which the provision in regard to an accessory *before the fact* may have been based. In addition to this, we find, by reference to Archb. Crim. Pleading, 401 and 403 (1st Am. from 1st London edition), an author of standard authority, that in giving the proper forms of an indictment against an accessory after the fact, both when indicted with the principal felon and after his conviction, both time and place are alleged. The foregoing considerations force us to the conclusion that the absence of any allegation, in that part of the third count of the indictment charging the appellant as an accessory after the fact, of either time or place, especially place, which is necessary to give the Court jurisdiction, is fatal to that count.

We next proceed to the questions raised by the plea in abatement, as it is called, though, as it seems to us, it is rather in the nature of a plea in bar, to the first and third counts of the indictment, to which alone the plea applies. The first point raised is, that in view of the fact, averred in the plea, that Rowley, under an indictment for the murder of Tanner, has been convicted of manslaughter only, and hence appellant cannot be put on his trial as accessory before the fact to the murder of Tanner by Rowley, as charged in the first count of the indictment, because there can be no accessory before the fact to manslaughter. Conceding that there can be no accessory before the fact to manslaughter (*State* v. *Putnam*, 18 S. C., 177), except, perhaps, in such a case as that suggested in 1 Bish. Crim. Law, sec. 678, which, however, has no application in this case, the proposition contended for rests upon the assumption that the conviction of Rowley

of manslaughter is absolutely conclusive, not only as to Rowley, but as to the appellant, as well as other persons, that Tanner was not *murdered* by Rowley. While it is conceded that the record of the conviction of Rowley of manslaughter under an indictment charging him with the murder would be conclusive *as to him*, and would afford a complete bar to a subsequent indictment, charging him with the murder of Tanner, not only under the doctrine of *res adjudicata*, but under the express provision of the Constitution protecting him from being a second time put in jeopardy of life for the same offense, yet we are not prepared to admit that the same would be true as to the appellant, or any other person, who could not avail himself of the plea of *res adjudicata* or invoke the protection of the constitutional provision above referred to. Originally, it was held that an accessory before the fact could not be put upon his trial until after the principal felon had been convicted and attainted. Hence, while that rule prevailed, it was necessary in an indictment of an accessory before the fact to set out the record of the conviction of the principal felon, and to introduce such record in evidence as the best evidence of the essential fact that the principal felon had been convicted. Now, however, no such allegation is necessary. *State* v. *Sims*, 2 Bail., 29; *State* v. *Crank*, 2 Bail., 66; recognized and followed in *State* v. *Posey*, 4 Strob., 103. It is difficult to understand how the record of the conviction of the principal felon can *now* be regarded as even *competent* evidence against the accessory, as it is clearly *res inter alias acta*. But as it seems generally to be regarded as competent evidence, we shall not now undertake to question that proposition. It is, however, well settled that it is only *prima facie* evidence against the accessory, and he may offer parol evidence to show that the principal was not in fact guilty of the felony charged. See Foster Cr. Law, 365, *et seq.*; 1 Bish. Crim. Law, secs. 667 and 669; *State* v. *Sims* and *State* v. *Crank*, *supra*. Now, if the record of the conviction of the principal felon is only *prima facie*

evidence, as against the accessory, of the guilt of the principal felon, and such accessory may introduce parol evidence showing that the principal felon was not, in fact, guilty, we see no reason why the rule should not work both ways, so as to permit the State to prove by parol evidence, on the trial of the accessory, that the principal felon was, in fact, guilty of a higher crime than that of which he has been convicted.    For this we have high authority.    In 1 Bish. on Crim. Law, sec. 670, that distinguished author, after stating in the preceding section that the record of the conviction of the principal felon is only *prima facie* evidence against the accessory, uses this language: "If a contrary rule would be unjust, so, in natural reason, it is unjust to hold the State concluded, in its prosecution of one person, by its failure to convict another."    So, in *State* v. *Sims*, 2 Bail., at page 35, Johnson, J., uses this language: "If, then, the prisoner may, in his defense, resort to parol evidence to show the innocence of his principals, it follows necessarily that it may be offered, on the· part of the prosecution, to show their guilt."    It does not seem to us, therefore, that the fact that Rowley has been convicted of manslaughter, precludes the State, on the trial of the accessory, from showing that Rowley was, in fact, guilty of murder.    While, of course, we know nothing of the facts in this case, it may be that the State failed to prove malice on the trial of Rowley by reason of the absence of a witness whose testimony could not then, but may now, be obtained.    It is not difficult to conceive of a case in which the person who actually committed a homicide could not be convicted by reason of incapacity to commit a crime, and we cannot accept the doctrine contended for, which would exempt the person who procured the commission of the crime from any punishment.

Inasmuch as we have found one of the objections, taken on the motion to quash the indictment to the third count, to be tenable, it is scarcely necessary to consider whether the facts averred in the plea are sufficient to protect the appellant from prosecution under that count.    But

5.   we may say that we do not think they are.   There can be no doubt that there may be an accessory after the fact to the crime of manslaughter, and it is so laid down in 1 Bish. Crim. Law, sec. 693.   The point is made, however, that in the third count of the indictment the appellant is charged as an accessory after the fact to the crime of murder, and not manslaughter, of which alone the principal felon has been convicted.   Without repeating here what has been said above as to the right of the State to show, on the trial of the accessory, that the principal felon is, in fact, guilty of murder, we may add that, inasmuch as it is well settled that a person, under an indictment for murder, may be convicted of manslaughter, we see no reason why, upon the same principle, a person, indicted as accessory to the crime of murder, may not be convicted of being accessory after the fact to the crime of manslaughter.

We are of opinion, therefore, that none of the grounds upon which the motion to quash the indictment is based, can be sustained, except the objection to the third count in the indictment, based upon the absence of any allegation of time or place in that count, as above indicated; and that the facts averred in the plea are insufficient to protect the appellant from prosecution under either of the counts contained in the indictment.

The judgment of this Court is, that the appeal be dismissed; and the clerk of this Court is hereby directed to send down the *remittitur* forthwith.

MR. JUSTICE JONES concurs in the result, on the ground that the appeal is premature.