## 8078

### STATE v. HYDE.

1. THAT A JUROR is opposed to capital punishment warrants the trial Judge in refusing to have him presented.

2. IBID.—Where a defendant has not used all his peremptory rights of challenge he will not be heard to say there was error in excluding a juror.

3. EVIDENCE.—AN EXPERT on mental ailments can have no opinion of the condition of a defendant's mind at a time some months previous to his examination of him. What expert evidence is competent, stated.

4. IBID.—The question by the Court, "Do I understand it to be your opinion that every man who commits a deliberate, premeditated murder is crazy," held to have been asked for the purpose of understanding the testimony of the witness and not shown to have been prejudicial.

5. MURDER—INSANITY.—In cases where the defendant relies on the defense of *monomania,* he must satisfy the jury that he did not know right from wrong when the offense was committed, before they can acquit him. *State* v. *Bundy,* 24 S. C., 439, affirmed.

6. FAILURE TO CHARGE a self-evident proposition, properly requested, is not prejudicial error where the charge fully covers all the issues.

Before PRINCE, J., Anderson, Fall term, 1911.   Affirmed.

Indictment against Samuel L. Hyde.   Defendant appeals.

*Mr. Leon L. Rice,* for appellant.   Oral argument.

*Assistant Attorney General DeBruhl,* contra.   Oral argument.

January 6, 1912.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The defendant was convicted of murder, and sentence to be hanged, and this is an appeal from that sentence.

The facts are thus stated in the record:

"This case came on to be heard before his Honor, Judge Prince, and a jury in the 1911 Fall term of Sessions Court for Anderson county, and resulted in a verdict of guilty of murder.  The defendant was sentenced to hang on October 20th, and execution was stayed by defendant's appeal.

"The defendant was duly arraigned and plead guilty.

"The Court refused to accept the plea, and appointed Leon L. Rice, a lawyer of the bar, to defend the prisoner. The details of the homicide are not disputed, and for the purposes of this appeal, a brief statement only will be made as to the homicide.   In the dead hours of the night, the defendant stole into the room of his sleeping wife, wherein slept his little sister-in-law, his father-in-law, and his mother-in-law.   Turning up the lighted lamp in the room, he

began firing a pistol into the body of his wife, three bullets taking effect, and two striking but not mortally wounding his sister-in-law. His father-in-law, in an effort to restrain defendant, was shot in the scuffle and killed. Defendant's pistol was found in the hall empty and shells, some loaded and some empty, were found scattered around the floor. The State's witnesses testified that defendant said, "Turn me loose I am going to kill myself,' and others testified that after he had left the room, he asked some one to get a gun and shoot him. The defendant after committing the awful deed, surrendered himself to the sheriff, and stated that he was satisfied with his little deed; that he had not slept for two weeks, but that he slept well the night of the homicide. He stated that he was sorry he killed the old man, but that his wife was the only woman he ever loved, and her people wouldn't let her live with him, so he decided to end it all. The defendant, by counsel, set up the plea of monomania, or partial insanity."

The first exception is as follows: "Because his Honor erred in refusing to present the juror, W. W. White, after examination on his *voir dire*. The error being that the juror's view as to capital punishment, could not affect his right to sit as a juror, when the punishment is in the province of the Court."

The case of the *State* v. *James*, 34 S. C. 49, 12 S. E. 657, shows that this exception can not be sustained.

Furthermore, it was held in the case of the *State* v. *Anderson,* 26 S. C. 599, 2 S. E. 699, that where the prisoner completes his jury, without exhausting his right of challenge, that this cures any error on the part of the presiding Judge, in excluding or presenting a previous juror.

The second exception is as follows: "Because his Honor erred in refusing to allow the physicians, who testified that they were graduates of a medical school, and had been for

a long time engaged in the practice of medicine, to answer the question of defendant's counsel, as to the mentality of defendant. The error being that to require hypothetical questions, was to deprive the defendant of the opinion of an expert witness, on the very point of his defense, that of partial insanity, or monomania." The questions excluded were intended to elicit the opinion of the doctors, as to the defendant's mental condition, not at the time they examined him but at the time of the homicide, and they knew nothing of his mental condition at that time.

The ruling of his Honor, the presiding Judge, is sustained by the case of *Easler* v. *Ry.,* 59 S. C. 311, 37 S. E. 938, in which the Court says: "Without undertaking to review in detail, the different cases in this State upon this subject, we will state the rules that have been followed:

First: "A witness is competent to give his opinion as an expert, when the facts upon which it is based, are within his own knowledge.

Second: "If the facts upon which his opinion is formed, are in issue, his testimony is not admissible, except upon an hypothetical state of facts.

Third: "If the mode in which an injury was inflicted, or the extent thereof, is itself one of the disputed facts in the case, the witness will not be allowed to testify that in his opinion, the injury was inflicted in a certain manner, or to a certain extent. In such case he must testify as to a hypothetical state of facts. The province of the expert is to draw inferences from, but not to decide the facts, of the case; and in order to draw proper inferences from the facts, in the case, they must either be within his own knowledge or undisputed, otherwise he would usurp the powers of the jury."

The third exception is as follows: "Because his Honor erred in asking the question of defendant's witness, Dr.

Ashmore. relative to his opinion of any man who committed a horrible murder and his sanity. The error being that said question coming as it did from the Court, was prejudicial to defendant's defense in the eyes of the jury."

The Court propounded this question to the witness: "Do I understand it to be your opinion, that every man who commits a deliberate, premeditated murder, is crazy?" To this question, the witness answered: "No, sir; not necessarily so." The question was propounded, for the purpose, merely, of understanding the testimony, and the appellant has failed to show, that it was prejudicial error.

The fourth exception is as follows: "Because his Honor erred in charging the jury, that in order to establish the defense of insanity, it is incumbent on the defendant, to prove by a preponderance of the evidence, that he did not know right from wrong. It being submitted, that the very nature of defendant's defense, presupposed that he was sane on all subjects save one, that of his love for his wife, and being therefore a plea of partial insanity, it was error to charge the broad principle of knowledge of right and wrong, and thereby convey the idea to the jury, that if defendant knew right from wrong, his insanity on the one subject could not avail him as a defense. This charge absolutely precluded the jury from inquiring further, than defendant's general knowledge of right and wrong, and made the defendant guilty, upon the admitted facts of his defense."

The charge of his Honor, the presiding Judge, conformed to the doctrine announced in the case of the *State* v. *Bundy,* 24 S. C. 439.

Appellant's attorney was granted permission to review said case, but he has failed to satisfy this Court, that it should be overruled.

The fifth exception is as follows: "Because his Honor erred in failing to charge defendant's fifth request to charge

which was submitted in writing within the rule of Court, and which it is submitted, was a proper statement of the law. Since it was directed at the State's own proof of reason, as a necessary element of murder, the failure to charge was thereby prejudicial."

The fifth request to charge was as follows: "I charge you that an indictment for murder substantially alleges, not only the facts of homicide, but also a criminal intent, which presupposes reason."

When his Honor, the presiding Judge, overruled the motion for a new trial, he also made the statement, that the fifth request was overlooked, and that counsel should have called attention to the oversight.

In the light of the entire charge, the appellant has failed to show, that the overlooking of this self-evident proposition, was prejudicial error.

The sixth exception is as follows: "Because the jury erred in finding the defendant guilty of murder, when the greater weight of the evidence clearly showed, that he was incapable of forming the malice necessary to constitute murder. The error being that the charge of knowledge of right and wrong, was erroneous and necessarily prejudicial."

What has already been said disposes of this exception.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court, for the purpose of having another day assigned, for the execution of the sentence.