16623

STATE v. NICHOLSON *ET AL.*

(70 S. E. (2d) 632)

*Messrs. John B. Baltzegar, Jr.,* of Norway, *and Basil Hall,* of Columbia, *for Appellants,* cite:

*Mr. Julian S. Wolfe, Solicitor,* of Orangeburg, *for Respondent,* cites:

May 5, 1952.

BAKER, Chief Justice.

The appellants, Jesse James Nicholson and James Teal, along with others, were indicted at the May, 1951, term of the Court of General Sessions for Orangeburg County, said indictment containing five counts, in which (1) Nicholson and Elliott Dean were charged with breaking and entering with intent to commit a crime, (2) Nicholson, Dean and Teal were charged with grand larceny, (3) Nicholson, Dean, Teal and Katherine Bagwell were charged with receiving stolen goods, (4) Nicholson, Dean, Teal and Bagwell were charged with conspiracy and (5). Teal and Bagwell were charged with being accessories after the fact.

The case was tried at the September, 1951, term of the Court of General Sessions for Orangeburg County. A verdict of not guilty was directed as to Katherine Bagwell, and Dean, who has since died, was granted a new trial.

There was submitted to the jury the counts in the indictment which charged the appellant Nicholson with breaking and entering with intent to commit a crime, and with larceny; and the count in the indictment charging the appellant Teal with being an accessory after the fact. The appellant Nicholson was convicted of breaking and entering with intent to commit a crime, and larceny, and the appellant Teal was convicted of being an accessory after the fact. Nicholson was sentenced to serve three years, and Teal thirty months, and we presume that these sentences were in the usual form.

Motions were made for a directed verdict of not guilty at the conclusion of the testimony of the State, and a motion for a new trial was made after the conviction, but prior to the imposition of the respective sentences. Both motions were refused as to these appellants.

We will first consider whether there was sufficient evidence against the appellant Nicholson to require the trial Judge to submit the case to the jury as to the larceny of the adding machine. We will keep in mind that

on appeal from the refusal of the Court to direct a verdict of not guilty, or grant a motion for a new trial in a criminal case, the evidence and the inferences which may reasonably be drawn therefrom, must be viewed in the light most favorable to the State. It is unnecessary to cite authority for this postulate.

On or immediately prior to the night of April 9, 1951, there was taken from the Springfield Centralized High School, in Orangeburg County, an Allen Wales adding machine of the value of at least one hundred and twenty-five ($125.00) dollars, the property of said school. This adding machine was thereafter found in the cabin occupied by a Miss Bagwell at Strait's Tourist Camp on Highway No. 1 near Columbia, S. C. The record discloses that Miss Bagwell came into possession of the machine through James Teal (one of the appellants here). Admitted in evidence, and properly so, was an oral statement (confession) made by this appellant (Nicholson )in the presence of several officers of the law, including Sheriff Reed of Orangeburg County, and one of his deputies, "that on Monday, April 9th, 1951, that himself, Jesse Nicholson, and Elliott Dean went to Springfield, South Carolina, to the school house over there, he stayed in the car,. Mr. Dean got out and went into the school house and brought this adding machine out and put it in the car. He said on the night of April 10th, they carried it to Columbia, and turned it over to Mr. Teal."

While when the appellant testified in his own behalf, he denied any knowledge of the machine, and specifically denied making any such statement to the officers of the law, the testimony hereinabove set forth required the trial Judge to submit the case to the jury, and he commited no error in refusing the motion for a direction of verdict of not guilty as to the larceny of the adding machine.

The appellant Nicholson was also convicted of breaking and entering with intent to commit a crime.

The testimony on the part of the State is that the doors to the school house were not locked, and that there was no evidence of an entry to the building otherwise than through a door, but the record is silent as to whether the doors were even closed. The mere turning of a knob in order to open a door would under the law constitute a breaking, but the record does not inform us if such was necessary in order to enter the building. It would therefore appear that the trial Judge should have granted appellant's motion for a directed verdict on this count.

We will now consider whether there was sufficient evidence against the appellant James Teal on the count in the indictment charging him with being an accessory after the fact to warrant the trial Judge in submitting this issue to the jury.

The only evidence in the case against this appellant which can be considered is that while the officers of the law were out at Strait's Tourist Camp, where Miss Bagwell occupied a cabin and where the subject machine had been found, the appellant and Miss Bagwell drove up in an automobile, and, upon being questioned, appellant told the officers that this machine was brought to him by Nicholson and Dean and he gave it to Miss Bagwell; and appellant's statement made to the officers of the law later, quoting: "He said on the night of April 15, 1951, around eight or nine o'clock, Mr. Nicholson and Mr. Dean came to his home in Columbia and brought this adding machine in question to his home and presented it to him at his back door. Mr. Nicholson got out of the car and presented him the adding machine. Mr. Dean stayed in the car and he taken it in the house and later he carried it to Katherine Bagwell." (The statement or "confession" of Nicholson was not made in the presence of Teal.)

Teal was employed as a salesman for Remington-Rand, and traveled the State giving demonstrations of electric razors, but as a side line bought second-hand machines and sold them for his personal benefit. He had two people selling

these second-hand machines for him, one of whom was Miss Bagwell.

"An accessory after the fact is one who, knowing a ██ felony to have been committed receives, relieves, comforts, or assists the felon. \* \* \* Three conditions must unite to render one an accessory after the fact: (1) The felony must be complete. (2) The accessory must have knowledge that the principal committed the felony. (3) The accessory must harbor or assist the principal felon. \* \* \* ." 22 C.J.S., Criminal Law, § 95. "To render one an accessory after the fact, the aid or assistance must have been rendered with the intention, and for the purpose of enabling the felon to escape detection, arrest, etc., and statutes defining such accessories sometimes contain express provisions to such effect. \* \* \*." 22 C.J.S., Criminal Law, § 97. "An accessory after the fact is, by the common law, one, who, knowing that a felony has been committed, receives, relieves, comforts, or assists the felon, or in any manner aids him to escape arrest or punishment. \* \* \* Another requisite to the conviction of a person as accessory after the fact is that he know of the felony and that the person aided is the guilty party and intends to shield him from the law." 14 Am. Jur., Criminal Law, Section 102.

There is nothing in the record from which it could ██ be said that this appellant had knowledge that Nicholson had committed a felony. Nor is there anything in the record from which even a reasonable inference could be drawn that the appellant accepted this machine from Nicholson with intent, and for the purpose of enabling Nicholson to escape detection and arrest.

It may be, although we are of course not so deciding, ██ that there was sufficient testimony to have required the trial Judge to submit to the jury the count in the indictment charging the appellant with receiving stolen goods, at the time knowing same to be stolen, but such receiving of which there was any evidence, was in Richland

County, and therefore the Court of General Sessions for Orangeburg County did not have jurisdiction.

The next question to be decided is whether the trial Judge erred in refusing to disqualify the juror, R. R. Wolfe, on the ground that he was a brother of the prosecuting Solicitor, and thereby forced the appellant to use one of his peremptory challenges. Before the completion of the panel of jurors to sit in this case, the appellant had exhausted his peremptory challenges.

We are, to say the least, mildly surprised at the failure* of the Solicitor to join in the request of counsel for appellant that his brother, R. R. Wolfe, the prospective juror, be stood aside even though he may not have been disqualified as a matter of law from serving as a member of the jury trying the case. However, the issue before us is whether this juror was disqualified as a matter of law on account of his relationship to the prosecuting Solicitor. After the trial Judge ruled that his relationship did not disqualify the juror, apparently without further protest, appellant's counsel got rid of him by using one of his peremptory challenges. The juror was not sworn on his *voir dire*, and was not interrogated by either the trial Judge or counsel for the appellant as to whether he felt any bias or prejudice in the case, and whether he could give the appellant (defendant) a fair and impartial trial.

Copy-modeling from *State v. Hilton,* 87 S. C. 433, 69 S. E. 1077, there are three reasons why this exception cannot be substained: (1) There is no rule of the common law, nor is there a statute disqualifying a juror on account of his relationship to an attorney in the case, either by affinity or consanguinity, within any degree. (2) The juror was not placed on his *voir dire*. (3) The defendant had not exhausted his challenges.

The reply evidence on the part of the State was cumulative, but there was no objection thereto by the appellant when offered.

What we have said herein in reference to the refusal of the trial Judge to direct a verdict of not guilty as to the appellant Nicholson, on the count charging him with grand larceny applies to his refusal to grant this appellant a new trial as to that count.

The judgment of the Court is as to the appellant Nicholson: Reversed as to the count charging him with breaking with intent to commit a crime. Affirmed as to the count charging larceny. But his case is remanded to the General Sessions Court for Orangeburg County for him to be re-sentenced on the larceny conviction, he having been sentenced after conviction for breaking with intent to commit a crime, and for grand larceny. As to the appellant Teal: Reversed.

FISHBURNE, TAYLOR and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.