16631

STATE v. NICHOLSON
(71 S. E. (2d) 306)

*Mr. John B. Baltzegar, Jr.,* of Norway, *for Appellant,* cites :

*Mr. Julian S. Wolfe, Solicitor,* of Orangeburg, *for Respondent,* cites :

May 28, 1952.

STUKES, Justice.

Appellant was convicted of violation of Sec. 1165 of the Code of 1942 which makes a misdemeanor the possession of named tools and, quoting from the statute, "or other implements or things adapted, designed or commonly used for the commission of burglary, larceny, safe cracking, or other crime, under circumstances evincing any intent to use or employ, or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used, * * *." See the recent case of *State v. Pulley*, 216 S. C. 552, 59 S. E. (2d) 155.

Several State law enforcement officers and sheriff's deputies (six in all) lay in wait at appellant's home on the night of April 20–21, 1951, with a warrant for the arrest of him and one Elliott Dean upon another charge. Appellant and Dean arrived together in appellant's Lincoln automobile at about 4:30 A. M. (April 21) and were placed under arrest. The car was searched without objection and under the front seat was found bolt clippers about three and a half feet long. From the back of the car there were taken a pinch, crow or wrecking bar, three or four feet long, and a heavy iron chisel; two pairs of gloves and pliers (adapted to wire-cutting) were also found. Several officers testified that the tools were such as are commonly used for the commission of burglary and larceny and usually found about the scene of safe-cracking. Ordinary automobile tools (jack, lug wrench and screw driver) were also in the trunk of the car.

As originally returned, the indictment listed articles, including one pistol and parts of another, blackjacks, and a

tear gas gun and cartridges, which were stricken on motion of appellant, leaving in the indictment the following: a pair of bolt clippers, a heavy chisel, a wrecking bar, a pair of pliers and three pairs of canvas gloves.

When the case was called for trial at a November, 1951, term of court Dean moved for continuance of the trial for one day, which was granted. He was killed that night or early the following morning. Upon convening of the court and call of the case against appellant, the following occurred, which is all that is contained in the record with reference to the motion for continuance and the ruling thereupon:

"Mr. Baltzegar:

"Mr. Nicholson was indicted along with Elliott Dean in this case. We were ready on yesterday but Your Honor granted a continuance. In fact, Mr. Dean left me late last night after discussing this case. We are asking that the case be continued on account of the death last night of Mr. Dean

"The Court:

"I don't see how the unfortunate death of Mr. Dean would have any effect on the right of this defendant or in any way prejudice the trial of the defendant. I will therefore have to order the case tried."

Appellant's first question imputes error for failure to grant the motion for continuance. It is axiomatic that such a motion is addressed to the discretion of the trial court and refusal constitutes reversible error only in cases where it is found that there has been an abuse of discretion. 7 West's South Carolina Digest, Criminal Law, Key 586. The trial record which relates to this point has been quoted hereinabove in full and it is seen that there was no showing of probable prejudice to appellant which would arise from the denial of further continuance of the trial. Despite improper argument thereof, facts *aliunde* the record will not be considered on appeal. Supreme Court Rule 8, Sec. 7.

The second question submitted by appellant charges error in the refusal to strike all of the articles alleged in the indictment to have been burglar tools. There was no error. The recent case of *Pulley, surpa,* is clear to the effect that the fact that a particular tool may be, and frequently is, put to a lawful use, is not conclusive that it may not have been, in a given case, intended to be used in the commission of crime. The ruling on the motion to strike was perhaps more favorable to appellant than it should have been; certainly there was no prejudicial error.

Appellant's third and final question assigns error in the refusal of the court to direct a verdict of not guilty for alleged failure of the prosecution to prove intent. We agree with the trial judge that under the evidence which was presented the issue of intent was for determination by the jury, which by their verdict they found against appellant. He testified that he was an electrician, for which reason he was in possession of the tools. However, he was admittedly at that time employed and the record indicates that his last occupation was that of policeman for the small town of Bowman, which had been terminated some months before. It was said in the recent case of *State v. Nicholson,* S. C., 70 S. E. (2d) 632, 633, which apparently also involved this identical appellant, as follows: "* * * On an appeal from the refusal of the Court to direct a verdict of not guilty, or grant a motion for a new trial in a criminal case, the evidence and the inferences which may reasonably be drawn therefrom, must be viewed in the light most favorable to the State."

As in that case, State's witnesses testified that appellant voluntarily made an incriminating statement in this case in the presence of investigating officers, including the sheriff, to the effect that he and his companion owned the tools and had been timely apprehended because they were, quoting from the testimony of one of the officers, "fixing to pull some big jobs * * * fixing to go into the business."

Judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.