**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Branden Joshua Kirby, Appellant.

Appellate Case No. 2016-001406

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2019-UP-029
Submitted September 1, 2018 – Filed January 16, 2019

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-20 (2015) ("It is unlawful for a person . . . to have in his possession any . . . tool . . . under circumstances evincing an intent to

use, employ, or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used."); *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) (stating that in an appeal from the denial of a directed verdict of acquittal, the appellate court "views the evidence and all reasonable inferences in the light most favorable to the State"); *id.* at 236, 781 S.E.2d at 354 ("[A] court is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *State v. Larmand*, 415 S.C. 23, 32, 780 S.E.2d 892, 896 (2015) (stating the appellate court's "duty is not to weigh the plausibility of the parties' competing explanations" but to "assess whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer [the defendant's] guilt"); *State v. Nicholson*, 221 S.C. 472, 476, 71 S.E.2d 306, 307 (1952) ("[T]he fact that a particular tool may be, and frequently is, put to a lawful use, is not conclusive that it may not have been, in a given case, intended to be used in the commission of [a] crime."); *State v. Puckett*, 237 S.C. 369, 373, 117 S.E.2d 369, 371 (1960) (stating "possession of articles suitable for breaking and entering may" support a conviction for possession of burglary tools even "though they were not originally designed for a burglarious purpose").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.