# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Shelton Lathal Butler Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000660

## ORIGINAL JURISDICTION

Opinion No. 28069
Heard June 17, 2021 – Filed December 1, 2021

## RELIEF DENIED

Jessica Elizabeth Kinard and Tommy Arthur Thomas, both of Irmo, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Chelsey Faith Marto, both of Columbia, for Respondent.

**JUSTICE FEW:** Shelton Butler and two other men set out to rob two victims from whom they supposedly were going to purchase marijuana. During the robbery, one of the other men—Donavon Johnson—shot and killed one of the victims—Juan Rico Gutierrez. The State tried Butler for murder before trying the others. A jury convicted Butler on the theory the "hand of one is the hand of all." Two months later, the State tried the two others—Donavon and Charles. The trial court in that case granted Charles a directed verdict, and the jury found Donavon not guilty. Butler asks this Court in our original jurisdiction to vacate his murder conviction

because Donavon and Charles were found not guilty, claiming "there, by law, is no crime with which he could have been involved."

Under the theory the "hand of one is the hand of all," when two people join together to commit a crime, and during the commission of that crime one of the two commits another crime, both may be criminally liable for the unplanned crime if it was a natural and probable consequence of their common plan to commit the initial crime. *See State v. Harry*, 420 S.C. 290, 299, 803 S.E.2d 272, 276 (2017). In *State v. Crowe*, 258 S.C. 258, 188 S.E.2d 379 (1972), for example, the defendant and his cousin went to a poker club with guns, intending to rob the players. 258 S.C. at 265, 188 S.E.2d at 382. In the course of the robbery, the cousin shot and killed the victim. 258 S.C. at 264, 188 S.E.2d at 381. We held the homicide was a natural and probable consequence of their mutual plan to commit robbery, and therefore, the defendant who did not shoot the victim was "as guilty as the one who committed the fatal act." 258 S.C. at 265, 188 S.E.2d at 382.

For our purposes in reviewing the validity of Butler's conviction, the disposition of the indictments of his codefendants—or even whether they were charged or indicted in the first place—is not dispositive.[1] The important question is whether the State proved at Butler's trial what is necessary to convict Butler. *See State v. Cox*, 290 S.C. 489, 493, 351 S.E.2d 570, 572 (1986); *State v. Price*, 278 S.C. 266, 268-69, 294 S.E.2d 426, 428 (1982); *State v. Massey*, 267 S.C. 432, 443-46, 229 S.E.2d 332, 338-39 (1976). To meet this burden in this case, the State proved beyond a reasonable doubt Butler joined with Donavon and Charles to rob Gutierrez, and Donavon murdered Gutierrez in the course of the robbery. Because the State met this burden in Butler's trial, it does not matter to the validity of Butler's conviction that Donavon was subsequently acquitted of the murder in a separate trial.[2]

**RELIEF DENIED.**

**KITTREDGE, JAMES, JJ., and Acting Justice Stephanie P. McDonald, concur. BEATTY, C.J., concurring in result only.**

---

[1] Nothing prevents any defendant from making a motion for a new trial based on previously unknown evidence revealed during the trial of a codefendant. *See* Rule 29(b), SCRCrimP.

[2] There are many reasons a jury may have acquitted Donavon. It is unnecessary to consider them, however, because Butler's guilt is based on what was proven in *his own trial*. *See Massey*, 267 S.C. at 446, 229 S.E.2d at 339 (discussing reasons).