8449

CITY OF GREENVILLE v. GREEN.

1. EVIDENCE.—Where one indicted for unlawfully storing liquor testifies fully as to how he came into possession of the liquor, it is not error thereafter to rule out the bill for the liquor, which merely corroborates his oral statement.

2. APPEAL.—Where a city recorder and a Circuit Judge concur in findings of fact on appeal from city court, their findings will not be disturbed on appeal by this Court where there is any evidence to sustain them.

Before DeVore, J., Greenville.    Affirmed.

Indictment against John Green by City of Greenville. Defendant appeals.

*Mr. H. H. Harris,* for appellant, cites: *Possession of liquor by accident is not unlawful:* 65 S. C. 175; 63 S. C. 103.    *Bill of goods was admissible:* 39 S. C. 441; 104 Mass. 319; 1 Wall. 642; 73 S. C. 60; 68 S. C. 363.

*Mr. B. F. Martin,* contra.

March 14, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WATTS.    The appellant was convicted before R. F. Watson, Esq., city recorder, for the city of Greenville, on the charge of storing liquor in violation of law, and sentenced by the recorder.

An appeal was taken to the Circuit Court for Greenville county and dismissed, after a full hearing, by his Honor, Judge DeVore.    An appeal was then taken to this Court and the appeal raises two (2) questions.

First. Was it error for the city recorder to refuse to allow the bill of goods to be introduced in evidence?

Second. Are the stated facts sufficient to sustain a conviction upon the charge of storing whiskey?

As to the first exception, the defendant was sworn in his defense and testified as to how he was in possession of the liquor, and all of the circumstances of his possession, and the bill, offered in evidence and ruled out, was merely corroborative of the parol evidence given by the defendant, and the ruling of the recorder was not error. This exception is overruled.

As to the second exception, the recorder and the Circuit Judge concurred in their findings of fact, and this Court will not disturb that finding where there is any testimony to sustain it, and there is such testimony here. *State* v. *Powell*, 91 S. C. 5, 73 S. E. 1017; *Matthews* v. *Industrial Lum. Co.*, 91 S. C. 568, 75 S. E. 171.

Judgment affirmed.