15598

STATE v. LEE *ET AL.*

(28 S. E. (2d), 402)

*Mr. H. P. Burbage,* of Greenville, S. C., appeared as Counsel for Appellants.

*Mr. W. A. Bull,* of Greenville, S. C., Counsel for The State, Respondent,

December 8, 1943.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court:

This is an appeal from a judgment of conviction for operating and maintaining a common or public nuisance near a public highway in the County of Greenville on December 7, 1942, and days prior thereto.

The indictment contains two counts: Under the first count, the defendants were charged with the commission of the offense under the common law, and the indictment contains averments usual in such cases, namely: "in that they did maintain and operate a place near a public highway where fighting, cursing, shooting, loud and disturbing noises were permitted to be carried on; a place where evil disposed persons, rowdy persons, both men and women, come together, causing lewd and improper conduct; a place where men and women are allowed to congregate and come to-

gether for the purpose of indulging in intoxicating drinks and leave said place in an intoxicated and unbecoming condition and commit indecent and unbecoming acts, all of which is detrimental to the peace and morals, happiness, peace and safety of the people of the State living near, resorting to, and passing the said place so kept and maintained * * *."

The second count charges the defendants with operating and maintaining a common nuisance under Sections 1880 and 1881, 1942 Code. The offenses charged in the two counts of the indictment grow out of the same transaction or connected transactions.

Error is assigned because the lower Court refused to compel the State to elect upon which ground it would go to trial—that is, under the count charging the common-law nuisance, or the count charging the statutory offense. We have held in several cases which are determinative of this issue, that where offenses are of the same character and spring from the same transaction, they may be joined, although one is a common-law offense, and the other a statutory offense. *State v. Posey,* 7 Rich. Law, 484, 41 S. C. L., 484; *State v. Thompson,* 2 Strob., 12, 33 S. C. L., 12, 47 Am. Dec., 588; *State v. Williams,* 2 McCord, 301, 13 S. C. L., 301; 31 C. J., Sec. 348, page 782; 27 Am. Jur., Sec. 132, page 690. See, also, *State v. Lee,* 147 S. C., 480, 145 S. E., 285, and the numerous cases therein cited.

It follows that the Circuit Court committed no error in denying the motion made by the appellants for an election.

It is next complained that the Court erred in charging the jury that "Where members of the public are likely to come within the range of its (the nuisance) influence; and it seems to be sufficient to constitute acts or conditions a public nuisance, if injury and annoyance are occasioned to such a part of the public as come in contact therewith." This instruction is in substantial accord with what we held in the recent case of *State v. Turner,* 198 S.

C., 487, 18 S. E. (2d), 372, 375, where it is said: " 'Fur-thermore, it undoubtedly is true that a nuisance is a public one if it occurs in a public place, or where the public frequently congregate, or where members of the public are likely to come within the range of its influence; and it seems to be sufficient to constitute acts or conditions a public nuisance if injury and annoyance are occasioned to such part of the public as come in contact therewith.' See *Mori-son v. Rawlinson*, 193 S. C., 25, 7 S. E. (2d), 635."

Several other exceptions elaborate this alleged error of the Court. An examination of the entire charge shows without question that it follows the principles laid down in *State v. Turner, supra,* and contains no error.

While evidence was being offered by the appellants, their counsel called as a witness for the defense, Mr. W. A. Bull, who was conducting the prosecution for the State in place of Solicitor Robert Ashmore, then in the military service of the United States. The jury was excused, and counsel for the defense stated that he expected to prove by Mr. Bull that prior to his service as solicitor he had acted as attorney for the father of the defendant, Dock Glenn, who, we infer, at one time operated the filling station and road house where the alleged nuisance is said to have been maintained. The elder Glenn is now dead. It appeared that Mr. Bull in 1941 drew his will, and had been to the filling station on two or three occasions in connection with the preparation and execution of the will, and had passed the place at other times. Counsel for appellants stated that he wished to ask Mr. Bull if on these occasions he had observed any disorder at the road house or cabins. The solicitor announced that he had no objection to being called as a witness if the Court deemed the matter relevant; that he had been to the filling station on two or three occasions.

The Court held that the acting solicitor, who was then in the active prosecution of the case, was incompetent to testify by reason of his office, and that in addition thereto the

testimony sought to be elicited was merely negative. The appellants contend that no distinction should have been made, and that none exists, as between the prosecuting attorney and any other person called as a witness by the defense in the trial of the case.

It is said in 70 C. J., Sec. 247, page 183: "Although a prosecuting attorney is competent to testify, his testifying is not approved by the Courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial Court's discretion * * *."

The foregoing text has reference to the propriety of allowing the prosecuting attorney to testify on behalf of the State. It seems to be generally recognized, however, in the same section, that the attorney for the State may properly testify under several contingencies in the course of the trial— viz.: where the State has been taken by surprise; and in other instances to meet the exigencies of the case.

From early years, it has been held in this State that it is of doubtful propriety in the trial of a case, where the conventional relation of attorney and client exists, for an attorney to testify for a client as to matters in issue. It was said in *Price v. Moses,* 10 Rich. Law, 454, 44 S. C. L., 454: "The advocate and the witness should not be mixed up in the same case, and in all instances where it is known before the commencement of a suit that an attorney is to be a witness, he should decline the position of an advocate." See Annotation, 13 Ann. Cas., 31; Wigmore on Evidence, Volume 6, Section 1911, page 595; 25 R. C. L., Section 57, page 469.

The Court, however, did not hold that an attorney in such circumstances would be an incompetent witness. In the final analysis, the rule seems to be that the question of whether an attorney should testify in a case with which he is profes-

sionally connected is one of legal ethics, resting largely with his own conscience. It is recognized, however, that unlooked for situations may develop in a trial when it becomes indispensable for an attorney to testify.

The Courts clearly look with disfavor upon a prosecuting attorney's participation in a case as a witness for the State except under unavoidable circumstances. But the situation here is essentially different. The contention of the appellants is that they have a constitutional right to be fully heard in their defense, and that the office of Circuit Solicitor does not exempt him from being called as a witness for the defense, and to testify as to any matters, not confidential, within his knowledge relating to the case. We think this contention must be upheld.

There is no statutory prohibition which prevents the calling of a prosecuting attorney by the defense as a witness, and generally speaking he is a competent witness to testify as to all relevant facts coming to his knowledge, except privileged communications. It is not believed that the right to call the prosecuting attorney as a witness for the defense would result in an inveterate practice. Else, it is readily seen that it might result in embarrassment in the due administration of justice. However, the constitutional guarantees of the defendants (Const., 1895, Art. I, Sec. 18) outweigh the evil which may be anticipated.

It seems to be well settled that litigants, and especially defendants in criminal cases, should not be hampered in their choice of those by whom they choose to prove their cases. And it has been held that they have the right to call as their witness the prosecuting attorney. 28 R. C. L., Sec. 57, page 470; Note, 55 L. R. A., 232. We are constrained to hold that the ruling of the trial Judge that the prosecuting attorney was an incompetent witness was erroneous. But this holding will not result in a judgment of reversal, because the ruling may be referred to the general discretionary power inherent in a trial Court to ex-

clude evidence that is merely cumulative, *City of Greenville v. Green,* 93 S. C., 573, 77 S. E., 718, and to limit the number of witnesses to be heard on behalf of either party to establish a single point or proposition of fact.

This discretion is to be exercised, especially in criminal cases, with due regard to the peculiar circumstances of each case, and the nature of the issue to which the evidence is adduced. *State v. Lyle,* 125 S. C., 406, 118 S. E., 803. There is no doubt that the trial Judge has the right, within reasonable limits, to restrict the number of witnesses to be examined as to any one point or fact. It is apparent that this right must exist, else by multiplying witnesses a trial might be indefinitely prolonged to the serious detriment of the public interests.

We think it clearly appears in this case that even if the prosecuting attorney had been sworn and had testified that he saw no disorder or other evidence of a public nuisance at the place operated and maintained by the defendants in 1941, such testimony would have been merely cumulative. As shown by the record, and by the statement of appellants' counsel, he had previously to the calling of the prosecuting attorney as a witness, put up "witness after witness" to establish the absence of a public nuisance. The evidence already offered was of the same kind and character as that which evidently was expected from the prosecuting attorney. The anticipated evidence being merely cumulative, it was within the discretion of the trial Judge to exclude it, and we do not think under all of the circumstances of this case that the exclusion resulted in any prejudice to the appellants.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGES WM. H. GRIMBALL and L. D. LIDE, ACTING ASSOCIATE JUSTICES, concur.