[Crim. No. 2396.   Third Dist.   Apr. 30, 1953.]

THE PEOPLE, Respondent, v. HENRY BOFORD,
Appellant.

Lawrence Girolami for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Leo V. McInnis, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant was convicted of a violation of section 288 of the Penal Code of this state and of a violation of section 702 of the Welfare and Institutions Code. He has appealed from the judgment and from the order denying his motion for new trial.

In support of his appeal he contends: 1. That he was denied a fair trial and his liberty was taken without due process of law; and, 2. The trial court committed error in that when defendant attempted to impeach two prosecution witnesses the trial court refused to allow him to do so.

In support of his first assignment appellant cites six instances of asserted misconduct on the part of the trial court. (1) The complaining witness, a boy of 12 years of age, had testified on direct examination that appellant had shown him a number of lewd pictures and that having done so appellant placed his hands on the boy's privates. He was then asked several times just how this was done and his counsel objected to the third question on the ground that it had been twice asked and answered. The court permitted the third question which elicited the same answer. (2) When the complaining witness had been asked a question as to where certain employees of his father had been working at a certain time he answered that he did not know. The question was repeated and counsel objected to the repetition. The court did not rule on the objection. (3) The court, says appellant, permitted the prosecution to misstate evidence through the form of a question asked. (4) When appellant's counsel was engaged in developing from a prosecution witness on cross-examination that appellant had been dissatisfied and unhappy in his employment by the father of the com-

plaining witness and had left his employment for that reason, the court held the point immaterial and prevented further questions along that line. (5) The court permitted the sheriff to illustrate his testimony by drawing a diagram. (6) Appellant had taken the stand in his defense and was under cross-examination. He had denied that the pictures had ever been in his possession. This contradicted a number of witnesses who had testified that he had shown them the pictures and so he was asked the following: "Q. All the testimony of those individuals is false? A. For those pictures, absolutely. It is the truth, yes, I have another picture, but not those. Q. Where are those other pictures? A. May I have a drink of water, please? By the Court: Gentlemen, bring that jug up here. Put it right up here. The man gets thirsty." Says appellant, this remark of the court indicated to the jury that the court did not believe the defendant.

Having related the foregoing incidents, appellant cites *People* v. *Mahoney,* 201 Cal. 618 [258 P. 607], holding that a new trial should be granted when the court has been guilty of denying a fair trial, and stating that jurors are apt to be greatly influenced by the attitude of the trial judge. Appellant argues that there were numerous utterances and rulings by the court from which the foregoing incidents are selected which conveyed to the mind of the jury the impression that the judge was convinced of the guilt of the defendant and that his sympathy was wholly with the prosecution. These assignments of misconduct required a reading of the record. That has been done. We find therein no support for the blanket charge that there are other instances indicating bias on the part of the trial judge. Taking the related incidents seriatim the following appears: The first incident where questions were repeated was brought about because of the youth of the complaining witness and his embarrassment while on the stand. ■ The prosecution was endeavoring to elicit from the witness an accurate statement of what had occurred and we think was guilty of no misconduct under the circumstances. ■ The second incident, that is, the failure of the court to rule upon an objection, was quite apparently due to inadvertence on the part of the judge, and counsel for the appellant must have been well aware that the objection had not been ruled upon yet did not press for a ruling. ■ As to the third incident, counsel had objected that the prosecuting attorney in asking a question had in effect misstated the evidence. After some discussion as to

what the witness had said, counsel withdrew his objection. We find nothing in the discussion which was indicative of bias on the part of the court, and in view of the withdrawal of the objection there could be no error otherwise. ▮ In respect to the fourth incident, the record shows that the court itself objected to questions being asked by counsel for the appellant, stating that it thought the questioning was going far afield. Thereupon the prosecution objected and the court sustained the objection. Counsel's statement was that he wanted to show that the reason appellant had left his employment by the father of the complaining witness was because he was unhappy in the work. The court held this immaterial and we think the court correctly ruled on the matter. The subject matter of the questions had not been gone into by the People and the record does not disclose how appellant's reason for quitting his job was material. ▮ As to the fifth incident, we think the court was clearly correct in overruling the objections to the diagram with which the sheriff, as a witness, was illustrating his testimony. It was material to show that the officer found the lewd pictures in the possession of appellant at the time of the arrest and the diagram which related to the floor plan of the house or cabin in which the arrest was made tended to show the probability that it was appellant who was in actual possession of the photographs found therein.

As to the remark of the judge when the appellant asked for a drink of water, it is impossible from the record to even ascribe to the remark any indication of bias or prejudice. We realize that it is often difficult to properly assay such matters from the face of a typewritten record. However, this much can be said about the incident complained of. It could not have been a very material matter or given rise to any definite impression that the court was biased.

When the record is viewed as a whole it is found to be lacking in incidents not related by appellant which show bias or prejudice on the part of the court; and it is clear that as to the incidents related they are quite insufficient to show denial of a fair trial. The incidents relied on are, in reality, trivial, and the proof of appellant's guilt of the offenses charged was convincing.

▮▮ Coming now to appellant's contention that the trial court was guilty of prejudicial error in restricting impeaching questions, we find the following in the record: The witness Nigsch had testified that he had been shown the photographs

by the appellant shortly before the alleged date of the offenses. On cross-examination he said he had not seen the pictures in the district attorney's office, nor had he seen them in the interval between the date they were first shown him and the trial. Following Nigsch's testimony, the witness Pearson gave like testimony as to the appellant having shown the pictures to him and also said that he had not seen them thereafter until they were exhibited to him and identified by him at the trial. Thereafter counsel for the appellant sought to elicit from a deputy district attorney that he had shown the pictures to the two witnesses before they came into court to testify. The court sustained the prosecution's objection to the question. We think the objection should have been overruled. It is true, as stated by the court, that it is unusual when one side calls the attorney of the opposing side to the stand as a witness, but if the testimony sought to be elicited is material it may be done. Even the judge who is trying a case, and any juror, may be called as a witness by either party. (Code Civ. Proc., § 1883.) Section 1879 of the Code of Civil Procedure provides that all persons except certain ones specified in sections 1880 and 1881 may be witnesses. Attorneys are excepted only when their testimony would reveal communications declared privileged. No privilege was claimed in the instant case nor would the facts have supported such a claim had it been made. However, in view of the quantum of evidence of appellant's guilt as contained in the record, we are satisfied that the error would not justify a reversal of the judgment since the error could not have resulted in a miscarriage of justice. (Art. VI, § 4½.)

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.