George Dwain HURST, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4251.

Supreme Court of Wyoming.

March 6, 1974.

John M. Daly, Gillette, for appellant.

Clarence A. Brimmer, Atty. Gen., Bert T. Ahlstrom, Jr., Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Defendant Hurst, according to his own testimony, when stopped by a police officer for speeding, drew a gun and told the officer to leave him alone. Later, when the officer followed him, Hurst stopped his car and fired six or seven shots, one or more of which hit the officer's car. Defendant was charged with assault with a dangerous weapon under § 6–70(B), W.S.1957 (1973 Cum.Supp.), appeared with appointed counsel, entering a plea of guilty, and was sentenced from five to eight years. He later requested a vacation of that plea because he had failed to understand the nature of the charge and the consequences of his act. He was thereupon appointed different counsel and pleaded not guilty by reason of insanity. After psychiatric examination he was on trial found guilty of assault with a dangerous weapon and sentenced from five to eight years with credit to be given for the time he had previously been incarcerated.

He appeals on three grounds:

1. That a psychiatrist was permitted to testify defendant was able to differentiate between right and wrong at the time of the offense;

2. That the court erred in its failure to give certain instructions;

3. That there was no signature or specific date on the copy of the warrant served on him.

■ As support for the contention of error concerning the psychiatrist's testimony, defendant cites 32 C.J.S. Evidence § 546(101), pp. 389–390, that a medical witness may not apply legal tests or state whether a person is capable of understanding and appreciating the nature and consequences of his act. The cases cited thereunder are not germane to the issue here and the pronouncement is incorrect as applied to cases of the nature before us. The applicable rule is that a witness who is qualified as an expert may state his opinion of a defendant's mental condition. 3 Wharton, Criminal Evidence, § 609 (13 ed. —Torcia). A psychiatrist appointed to make an examination may give his opinion of the sanity of the accused at the time of the alleged offense. United States v. Mattson, 9 Cir., 469 F.2d 1234, 1236, cert. denied, 410 U.S. 986, 93 S.Ct. 1513, 36 L. Ed.2d 183; State v. Grapper, Mo., 328 S. W.2d 633, 635; State v. Rivenburgh, 11 Utah 2d 95, 355 P.2d 689, 695, cert. denied, 368 U.S. 922, 82 S.Ct. 246, 7 L.Ed.2d 137.[1] Accordingly, there is no merit in this charge of error.

■ Defendant's criticism of the trial court for not giving certain requested instructions, including one of self-defense, which incidentally was totally unsupported by any evidence, is without valid basis since there was no compliance with Rule 31, W.R.Cr.P., and Rule 51, W.R.C.P., which provide that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Bentley v. State, Wyo., 502 P.2d 203, 206.

■ The charge of error that the defendant's copy of the warrant lacked signa-ture and date is unsupported by cogent argument, and counsel admits his inability to find legal authority to support his position. Additionally, defendant entered a written waiver, appearing voluntarily before the trial court; and he will not now be heard to go beyond that and raise questions which impliedly attack the warrant.

■ A careful review of the record discloses substantial evidence upon which the jury was justified in finding both that the offense charged was committed and that the defendant was sane at the time. The charges of error are without valid basis.

Affirmed.

---

1. In this jurisdiction we have previously overruled a like charge of error. State v. Carroll, 52 Wyo. 29, 69 P.2d 542, 550–552.