Alex GARCIA, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4786.

Supreme Court of Wyoming.

Nov. 25, 1977.

William R. Shelledy, Jr. of Scott & Shelledy, Worland, for appellant.

V. Frank Mendicino, Atty. Gen. and Peter J. Mulvaney, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

This appeal attempts to raise questions as to the proper form of instructions to be given to the jury in connection with a charge of assault and battery with intent to commit rape, and does raise a question with respect to the consideration by the sentencing judge of information relating to an expunged juvenile offense record. The appeal is taken from a judgment and sentence imposed by the district court after the appellant was convicted by a jury of a violation of § 6-64, W.S., which proscribes assault and battery with intent to commit rape. We find no error in connection with the points raised by the appellant, and his conviction will be affirmed.

The issues as presented by the appellant are:

1. Whether the trial court erred in its instructions to the jury with respect to the offense of assault and battery with intent to commit rape, his specific complaint being directed to the court's explanation as to when the intent and the conduct constituting the assault and battery must concur.
2. Whether the trial court improperly considered an expunged juvenile offense record in imposing the sentence in this case.

The initial complaint of the appellant here is that the district court submitted an erroneous instruction to the jury inadequately defining the offense of assault and battery with intent to commit rape. As a corollary to this contention of error, the appellant argues additional error on the part of the district court in refusing to give three instructions which he offered. We cannot consider the points urged by the appellant with respect to instructions because he failed to follow our rules which are fundamental to preserving such claimed errors for consideration in this Court.

The record with respect to the appellant's position on these instructions is brief. It reads as follows:

"The defendant has offered Instructions A, B, and C which has been refused. The defendant requests the said instructions to adequately describe the crime of assault and battery with intent to commit rape. The instructions so presented more adequately described the intent that is required, the force and violence which is required in the crime of assault and battery with intent to commit rape."

The foregoing excerpt from the record does not reflect any objection to the instruction given by the court. That instruction did encompass all of the elements of the crime of assault with intent to commit rape, including the specific intent required. It is not therefore similar to the

defective instruction given in *Rhodes v. State,* Wyo., 462 P.2d 722 (1969). The appellant does not assert the concept of plain error, and even if such a contention were present the circumstances in this record do not satisfy the criteria set forth in *Hampton v. State,* Wyo., 558 P.2d 504 (1977). Furthermore, this record does not contain any matter that reasonably could be construed as an objection to the refusal by the district court to give the instructions tendered by the appellant. Again, no plain error as defined in *Hampton v. State,* supra, is discernable.

It is plain to us that the appellant did not notice, or if he did notice, he has failed to heed the oft repeated admonition by this Court that Rule 51, W.R.C.P. *as* adopted for criminal trials by Rule 31, W.R.Cr.P., requires an objection to an instruction which is given or to the failure to give an instruction that is requested, which must state distinctly the matter to which the party objects and the grounds for his objection.[1]

■ Even if, arguendo, the comment might be viewed as an objection to the failure to give the appellant's instructions, the language is very general in nature and violates the requirement that it be specific so that the trial court has an opportunity to correct any mistake. *Moore v. State,* Wyo., 542 P.2d 109 (1975); *Reeder v. State,* Wyo., 515 P.2d 969 (1973); *Herberling v. State,* Wyo., 507 P.2d 1 (1973); cert. den., 414 U.S. 1022, 94 S.Ct. 444, 38 L.Ed.2d 313 (1973).

■ Turning to the second claim of error by the appellant. He objected at the sentencing hearing to a reference in the presentence investigation report to his prior

incarceration as a juvenile offender in the Worland Industrial Institute. This juvenile charge had been expunged from his criminal record. The trial court sustained the objection, stating that it would not consider anything in the report which referred to this prior incarceration. The rule generally is that in such proceedings the trial court is presumed to have disregarded improper information presented in connection with the sentencing proceeding. E.g., *People v. Warren,* 175 Cal.App.2d 233, 346 P.2d 64 (1959); *Clark v. State,* 138 Ga.App. 266, 226 S.E.2d 89 (1976); *People v. Spicer,* 47 Ill.2d 114, 264 N.E.2d 181 (1970); *State v. Green,* 62 N.J. 547, 303 A.2d 312 (1973); *Sprouse v. State,* Okl.Cr., 441 P.2d 481 (1968); *Davison v. State,* Tex.Crim.App., 510 S.W.2d 316 (1974). Where, as here, the trial court with specificity states it will not consider such material, it is not even necessary to rely upon the presumption. *People v. Spicer,* supra. In the absence of proof that despite its comment the trial court did rely upon such information, the court's statement in the record should be accepted. In this instance we do accept it.

Since we are unable to reach the first contention of error submitted by the appellant, and since we find no error with respect to his second contention, the judgment of the trial court is affirmed.

1. Our most recent cases reflecting these principles, both with respect to instructions which are given and instructions which the court does not give, are: *Hampton v. State,* Wyo., 558 P.2d 504 (1977); *Tryon v. State,* Wyo., 567 P.2d 290 (1977); *Cullin v. State,* Wyo., 565 P.2d 445 (1977); *Raigosa v. State,* Wyo., 562 P.2d 1009 (1977); *Miller v. State,* Wyo., 560 P.2d 739 (1977); *Horn v. State,* Wyo., 554 P.2d 1141 (1976); *Moore v. State,* Wyo., 542 P.2d 109 (1975); *Sims v. State,* Wyo., 530 P.2d 1176 (1975); *Hays v. State,* Wyo., 522 P.2d 1004 (1974); *Hurst v. State,* Wyo., 519 P.2d 971 (1974); *Jaramillo v. State,* Wyo., 517 P.2d 490 (1974); *Bentley v. State,* Wyo., 502 P.2d 203 (1972).