2002 WY 39

**MT. RUSHMORE BROADCASTING, INC., a Delaware corporation, Appellant (Defendant),**

v.

**STATEWIDE COLLECTIONS, a Wyoming corporation, Appellee (Plaintiff),**

and

**Ray Ebert, Appellee (Third Party Defendant).**

No. 01–67.

Supreme Court of Wyoming.

March 14, 2002.

Jan Charles Gray, Casper, WY, Representing Appellant.

John C. Hoard, Casper, WY, Representing Appellee Statewide Collections.

Keith Tyler, Casper, WY, Representing Appellee Ray Ebert.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶1] Mt. Rushmore Broadcasting, Inc. (Mt. Rushmore) appeals from a judgment awarding treble damages to Statewide Collections, Inc. (Statewide) for a dishonored check pursuant to Wyo. Stat. Ann. § 1–1–115 (LexisNexis 2001). Jan Charles Gray (Gray), the sole shareholder, director and officer of Mt. Rushmore, is an active member of the Wyoming State Bar and represented Mt. Rushmore during the bench trial at the district court. Mt. Rushmore challenges the district court's refusal to allow Gray to testify based on Rule 3.7 of the Wyoming Rules of Professional Conduct. We find no abuse of discretion and affirm the district court's decision.

[¶2] Mt. Rushmore raises three issues on appeal:

I. "Whether notwithstanding Wyoming Professional Rule of Conduct 3.7, an attorney can testify in a case where he is both the attorney and 100% shareholder, sole director and sole officer of the Sub–Chapter S Corporation which is the client and the client has given consent to the testimony."

II. "Whether Section (a)(3) of Wyoming Professional Rule of Conduct 3.7— indicating that the lack of testimony by an attorney would 'work substantial hardship on the client' is applicable in this case."

III. "Whether there was a violation of the due process of law under the Wyoming and United States [*sic*] Constitution by not allowing a member of the bar to testify in a case where he is basically representing himself in pro-per."

Statewide condenses the matter to a single issue:

Did the district court correctly rule that the attorney for Mount Rushmore Broadcasting, Inc., was not allowed to testify at trial?

**FACTS**

[¶3] On May 16, 2000, Statewide filed a Complaint against Mt. Rushmore seeking damages for a dishonored check pursuant to Wyo. Stat. Ann. § 1–1–115. The dispute arose when Ray Ebert, then the manager of Mt. Rushmore's radio stations in Casper, cashed a check for $3,099.65 on Mt. Rushmore's account at the Check Cashing Center, a division of Statewide. Mt. Rushmore countered the Complaint with a counterclaim for fraud alleging that Ebert's employment had been terminated and that Statewide was aware that Ebert did not have authority to issue the check.

[¶4] The dispute proceeded to a bench trial before the district court. Gray, who is the sole director, officer and owner of one hundred percent of the stock in Mt. Rushmore, is an active member of the Wyoming State Bar. Gray represented Mt. Rushmore during the trial. After Statewide had presented its case, Gray sought to testify on behalf of Mt. Rushmore. After a hearing, the district court refused to allow Gray to testify citing Rule 3.7 of the Wyoming Rules of Professional Conduct. The court's main concern with allowing Gray to testify related to ethical and conflict of interest issues:

It seems to me that it is very well known. It's [a] basic rule of ethics in every ethics case and class that I've run into. It is preached time and time again that there are going to be problems if you attempt to be an attorney and a witness in the case.

One of the things pointed out is that you can be put in a pretty tentative position if you're both the advocate and a witness in the case and you have to urge for your credibility in the case, and that's precisely what you're asking to do. You stood up here as an attorney, cross-examined witnesses, challenged their credibility as to the underlying facts and now you want to turn around and be a witness and vouch for your own credibility and I'm going to stand by my ruling.

I would also note that my feel [*sic*] is I would hate to see you get into ethical difficulties, and I know that's not of concern to you, but it is something that's crossed my mind that I think you would

be, absent me making a finding there's a clear exception here, putting your ability to practice law at question or at least at risk for a potential filing of a grievance. So I'm going to stand by my ruling and I will disallow you to testify in this case.

I think, as you said, you early on made a decision to enter an appearance as counsel and I think you should have been aware of that potential difficulty from the outset.

The district court ultimately ruled in favor of Statewide and entered judgment against Mt. Rushmore pursuant to Wyo. Stat. Ann. § 1–1–115. Mt. Rushmore now appeals from that judgment.

## STANDARD OF REVIEW

■ [¶ 5] The decision whether to allow an attorney to testify in a case in which he has made an appearance is consigned to the discretion of the district court. *Montez v. State,* 573 P.2d 34, 36 (Wyo.1977); 81 Am.Jur.2d *Witnesses* § 227 (1992).

In determining whether there has been an abuse of discretion, we focus on the "reasonableness of the choice made by the trial court." [*Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998)] If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious.

*Terry v. Sweeney,* 10 P.3d 554, 557 (Wyo. 2000) (quoting *Jordan v. Brackin,* 992 P.2d 1096, 1098 (Wyo.1999)).

## DISCUSSION

■ [¶ 6] The focal point of this appeal is Rule 3.7 of the Wyoming Rules of Professional Conduct, which provides in relevant part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The official comments to Rule 3.7 shed further light on the purpose and meaning of the rule:

**Comment.** *[1] Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.*

*[2] The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.*

*[3] Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has first hand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.*

*[4] Apart from these two (2) exceptions, paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one (1) or both parties could reasonably foresee that the lawyer would probably be a witness.*

As a general rule, an attorney is not disqualified as a competent witness merely because of his participation in the proceedings as the legal representative of one of the parties. *Burnett v. Taylor*, 36 Wyo. 12, 252 P. 790, 795–96 (1927); *Montez*, 573 P.2d at 36. Notwithstanding that general observation, however, ethical considerations are often cited for the proposition that it "is improper or, at the least, a breach of professional etiquette for an attorney to testify as a witness in behalf of one who is his client in the case in which such testimony is being offered." 81 Am.Jur.2d *Witnesses* § 231 (1992). Rule 3.7 was adopted for the purpose of addressing those ethical considerations. ("Virtually all difficult ethical problems arise from conflict between a lawyer's responsibilities to clients, to the legal system and to the lawyer's own interest.... The Wyoming Rules of Professional Conduct prescribe terms for resolving such conflicts." Preamble: a Lawyer's Responsibilities [8], Wyoming Rules of Professional Conduct.)

[¶7] Rule 3.7 prohibits a lawyer from acting as an advocate during a trial in which the lawyer is likely to be a necessary witness. There are three exceptions to this general prohibition: (1) The testimony is about an uncontested issue; (2) The testimony is about the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client. There is no disagreement between the parties over the inapplicability of the first two exceptions under the circumstances of this case. Pursuant to the comments to Rule 3.7, the third exception at subsection (a)(3) requires a balancing to determine its applicability. The comment suggests balancing the likelihood of prejudice to the opposing party taking into account the nature of the case, the importance and "probable tenor" of the testimony and the extent to which that testimony will conflict with that of other witnesses against the possible substantial[1] hardship disqualification of the lawyer would have on his client. The comments also note that it is relevant to the balancing under (a)(3) if one of the parties could have reasonably[2] foreseen the lawyer would probably be a witness.

[¶8] In this case, Gray is the sole shareholder, director and officer of Mt. Rushmore. Unsurprisingly, Mt. Rushmore granted Gray permission to testify, effectively waiving any conflict of interest claims it may have as the client. The trial in this case was before the court not a jury. Under those circumstances, Mt. Rushmore argues that Gray should have been allowed to testify as a matter of right. It claims that none of the usual ethical considerations apply here because of the convergence of Gray's interests with the client's and the district court's inherent ability to separate Gray's statements as an advocate from his testimony. In support of its position, Mt. Rushmore points to California Rule of Professional Conduct California Court Rules Code § 5–210, which allows an advocate to testify with the informed, written consent of the client.[3] Mt. Rushmore notes that the comments to that Rule indicate that it "is not intended to encompass situations in which the member is representing the client in an adversarial proceeding and is testifying before a judge." Therefore, Mt. Rushmore contends the dis-

---

1. The Rules of Professional Conduct define the term "substantial" to be "when used in reference to degree or extent" it "denotes a material matter of clear and weighty importance." Terminology [10], Wyoming Rules of Professional Conduct.

2. The Rules define the term "reasonably" to be "when used in relation to conduct by a lawyer" it "denotes the conduct of a reasonably prudent and competent lawyer." Terminology [7], Wyoming Rules of Professional Conduct.

3. California Rule of Professional Conduct 5–210 (West 1996) provides:

A member shall not act as an advocate before a jury which will hear testimony from the member unless:
(A) The testimony relates to an uncontested matter; or
(B) The testimony relates to the nature and value of legal services rendered in the case; or
(C) The member has the informed, written consent of the client. If the member represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the member is employed and shall be consistent with principles of recusal.

trict court should have allowed Gray to testify.[4]

[¶ 9] The answer to Mt. Rushmore's contention is simple: Rule 3 .7 of the Wyoming Rules of Professional Conduct does not make any distinctions between jury or bench trials. Regardless of any merit in making such a distinction, California's rule is not relevant to Wyoming's situation based on the obvious differences in the language of the two rules. The Wyoming Rule requires a balancing between the interests of the parties in the proceeding in all situations except where the testimony concerns uncontested issues or the value of legal services rendered. Any analysis of a decision on whether or not to allow an attorney to appear as a witness in a case in which he is an advocate for one of the parties must be made within the strictures of Rule 3.7.

[¶ 10] In support of its decision to deny Gray the opportunity to testify, the district court cited the importance of witness credibility in the case. The court had concerns about Gray challenging the credibility of Statewide's witnesses and, simultaneously, vouching for his own credibility. The court also noted that it was reasonably foreseeable Gray would be a witness but, nevertheless, he chose to proceed as an advocate in the matter. The district court concluded these factors weighed in favor of not allowing Gray to testify as a witness while maintaining his representation of Mt. Rushmore. The factors relied upon by the district court in making its decision are specifically cited in the comment to Rule 3.7 as appropriate considerations for determining whether to allow an advocate to testify. The district court is in the best position to determine the effect an attorney would have on the proceedings if he testified while remaining an advocate. The court felt that Gray's testimony would adversely impact the fairness of the trial. We cannot say that conclusion was unreasonable under the circumstances.

[¶ 11] It was obvious from the inception of this dispute that Gray was a potential factual witness for Mt. Rushmore. As an attorney, Gray is presumed to be cognizant of the Rules of Conduct and is responsible for observance of them. Gray should have notified the district court before trial of the potential conflict under Rule 3.7. Before the trial started, a solution would have been easy—Mt. Rushmore simply had to hire different counsel. Once the trial started and Gray had assumed the role of an advocate, however, it was too late for him to become a witness in this case. The district court's decision denying Gray an opportunity to testify as a fact witness was not unreasonable under the circumstances.

[¶ 12] Mt. Rushmore further contends that denying Gray an opportunity to testify deprived it of due process. This claim, which consists of less than one page of Mt. Rushmore's brief, is not supported by any citation to legal authority or argument. We do not consider issues unsupported by cogent argument. *Basolo v. Gose*, 994 P.2d 968, 970 (Wyo.2000).

## CONCLUSION

[¶ 13] The district court did not abuse its discretion in denying Mt. Rushmore's attorney the opportunity to testify as a witness while maintaining his legal representation. Accordingly, the judgment against Mt. Rushmore is affirmed.

---

4. Mt. Rushmore also contends that Gray is being treated differently than a *pro se* plaintiff. They argue that a *pro se* plaintiff would be able to testify but Gray was prohibited simply because he was a member of the Wyoming State Bar. This contention is incorrect because a non-lawyer could not represent a corporate client in court. Wyo. Stat. Ann. § 33–5–117 (LexisNexis 2001).